Robert D. Klausner General Counsel Jacksonville Police and Fire Pension Board of Trustees
QUESTION:
May the Board of Trustees of the Jacksonville Police and Fire Pension Fund delegate to the City of Jacksonville the authority to approve or disapprove the board's budget or delegate to the city the discretion to establish hiring policies for fiduciaries of the fund to a contract?
SUMMARY:
While the Board of Trustees of the Jacksonville Police and Fire Pension Fund is authorized by Ch. 90-442, Laws of Florida, to delegate its powers to its agents or employees subject to the supervision and control of the board, it cannot vest the City of Jacksonville with the authority to approve or disapprove the board's budget or delegate the discretion to establish hiring policies for fiduciaries of the fund to the City of Jacksonville pursuant to a contract.
Chapter 90-442, Laws of Florida, creates the Jacksonville Police and Fire Pension Board of Trustees (the board) and establishes its powers and duties in Article 22 of the city charter. Section 22.04 of the charter provides that the board shall have the power to:
 (1) Be the sole entity responsible for administering the Jacksonville Police and Fire Pension Fund.
* * *
(5) Employ and fix the compensation of an administrator and any consultants, attorneys, actuaries, accountants, and other employees or contractors as the board may require.
(6) Delegate to one or more of its agents or employees such of its powers as it may deem necessary to carry out the purposes of this article, subject always to the supervision and control of the board.
Thus, the special act clearly authorizes the board to administer the pension fund itself and to employ certain fiduciaries as the board may require. Further, while the board is authorized to enter into contracts, leases, or other transactions, and may choose to delegate certain of its powers to agents or employees of the board, it is required to retain ultimate control and supervision over such powers. While the board may utilize the hiring policies of other agencies as a guide or reference in developing its own hiring policies, it does not possess the power to delegate its discretion in hiring personnel to an outside agency.
The far-reaching nature of the board's supervision and control over the pension plan may be seen in other provisions of the charter which authorizes the board to:
(8) Make rules and regulations for the administration of the pension plan which are not inconsistent with the terms and provisions of law.
(9) Construe all terms, provisions, conditions, and limitations of the pension plan; and its construction thereof, made in good faith, shall be final and conclusive upon the interested parties.
* * *
(11) Determine all questions relating to the administration of the pension fund in order to promote the uniform administration of the pension fund and to effectuate its purposes and provisions.[1]
With regard to budgeting authority, the board has the power to "[a]uthorize and direct the payment from the pension fund of all expenses and fees incurred in the administration of the pension fund[,]"[2] in addition to those broad administrative powers set forth above. The pension board of trustees is established as an independent agency under the city charter and is not required to submit its budget for review and approval to any other govern-mental agency.[3] The council is responsible for developing and adopting its own budget. No authority exists for the council to delegate to an outside entity the power to approve such a budget.[4]
As this office concluded in AGO 92-35, the structure and powers of the Jacksonville Police and Fire Pension Board of Trustees may be altered by a subsequent act of the Legislature or, as provided in s. 166.021(4), F.S., by charter amendment after approval by referendum. However, the powers of the board as expressed in Ch. 90-442, Laws of Florida, may not be either limited or expanded by the terms of a contract.
Thus, the Jacksonville Police and Fire Pension Board of Trustees may delegate, to an employee or agent under its ultimate super-vision and control, the authority to perform any of those powers set forth in Ch. 90-442, Laws of Florida. However, it is my opinion that the board may not relinquish its authority in any area under the act to another governmental entity pursuant to contract.
[1] Section 22.04(8), (9), and (11), Charter of the City of Jacksonville.
[2] Section 22.04(12), Charter of the City of Jacksonville.
[3] See, AGO 92-35.
[4] See generally, 1 Fla.Jur.2d Administrative Law
s. 52. And see, Booker Creek Preservation, Inc. v. Southwest Florida Water Management District, 534 So.2d 419, 424 (5 D.C.A. Fla., 1988), rev. denied, 542 So.2d 1334 (Fla. 1989) (An administrative entity cannot delegate its statutory duty to other state agencies).